UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN JUAN ZHAN,

                  Plaintiff,

- against -

SECRETARY, US DHS JOHN F. KELLY, ACTING DIRECTOR LORI SCIALABBA, and DIRECTOR, USCIS TSC DAVID ROARK

                  Defendants.

**MEMORANDUM DECISION AND ORDER**

17 Civ. 1019 (BMC)

**COGAN**, District Judge.

Plaintiff Juan Juan Zhan brought this action, seeking a writ of mandamus and review under the Administrative Procedure Act ("APA") to compel the United States Customs and Immigration Service ("USCIS") to act on her application for the adjustment of her immigration status. On March 31, 2017, the United States Citizenship and Immigration Services ("USCIS") issued to plaintiff a Request for Evidence ("RFE"). Presently before the Court is defendants' motion to dismiss. Plaintiff has failed to timely oppose. For the following reasons, the Government's motion to dismiss is granted.

## DISCUSSION

To survive a motion to dismiss, plaintiff's claims must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, there is no such claim.

The APA provides individuals with a cause of action when agency adjudication has been unreasonably delayed. Specifically, the APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b). It further provides

that courts shall "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). "Where the agency in charge of the adjudication fails to render a decision within a reasonable period of time, as required by § 555(b), the Court has the power to grant a writ of mandamus compelling an adjudication." Am. Acad. of Religion v. Chertoff, 463 F. Supp. 2d 400, 420 (S.D.N.Y. 2006).

The Mandamus Act grants courts authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes," Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004) (internal quotation marks omitted). For relief under the statute, there must be "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (quoting Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972)).

Plaintiff is not entitled to mandamus relief or relief under the APA because plaintiff has no right to the relief requested and defendants are under no duty to act given the circumstances. Plaintiff's application has been pending for less than three years, and while certainly a substantial period of time, it is not an unreasonable delay. See Pesantez v. Johnson, No. 15-CV-1155, 2015 WL 5475655, *4 (E.D.N.Y. Sept 16, 2015) (noting that a five-year delay is not unreasonable).

More importantly, defendants have advised the Court that plaintiff received an RFE, which means USCIS has begun the adjudication process of plaintiff's application. With an RFE pending, there is no role for the Court, and "[j]udicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and

2

that is something [the] Court is 'institutionally ill-equipped to do.'"  Id. at *6 (quoting Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1038 (9th Cir. 2013)).

Further, mandamus relief is not available to plaintiff because § 1158(d)(7) of the Immigration and Nationality Act expressly disclaims a private right of action.  Id. at *2 (holding that it is "beyond serious dispute that mandamus pursuant to Section 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action").

There is a practice in this district whereby immigration applicants file suit under the APA and for mandamus relief as a way to gain adjudication of their applications more quickly by moving their applications "to the front of the line."  Id. at *6.  Here, plaintiff's complaint has achieved that intended purpose.

## CONCLUSION

Defendants' motion to dismiss plaintiff's complaint is granted.  The Clerk of Court is directed to enter judgment in favor of defendants, dismissing the complaint.

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       April 19, 2017